**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| DARCY F.,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.: 1:25-cv-00389-DCN-REP<br><br>**REPORT AND RECOMMENDATION** |

Pending is Plaintiff Darcy F.'s Complaint (Dkt. 1), appealing the Social Security Administration's denial of her disability claim. This action is brought pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The alleged date of onset was February 1, 2008. Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation.

## I. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the Administrative Law Judge's ("ALJ") findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's judgment. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.* The Court may determine the ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *Ferguson,* 95 F. 4th at 1200.

## II. REPORT

Plaintiff raises a single issue on appeal. She argues that the ALJ improperly discounted her subjective symptom testimony when assessing her RFC. She contends that the ALJ failed to provide legally sufficient reasons for finding her allegations concerning the severity and limiting effects of her symptoms not entirely consistent with the record. Pl.'s Brief at 9-15 (Dkt. 20). According to Plaintiff, this error resulted in an RFC that did not fully account for her functional limitations. Plaintiff insists that, had the ALJ properly incorporated her limitations into her RFC, full-time work would have been precluded. *Id.* The undersigned addresses this argument below.

### A. The Standard for Evaluating Subjective Complaints

As the trier-of-fact, the ALJ is in the best position to make credibility determinations, and for this reason, her determinations are entitled to great weight. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). An ALJ is not "required to believe every allegation of disabling pain" or other nonexertional impairment. *Fair*, 885 F.2d at 603. However, if an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate specific reasons for doing so. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if such objective medical evidence exists, and the ALJ has not determined that the claimant is malingering, the ALJ must provide clear and convincing reasons before rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Id*.

The ALJ may engage in ordinary techniques of credibility evaluation, including consideration of (i) the claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct; as well as (ii) the claimant's daily activities, the claimant's work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Also, the ALJ may consider location, duration, and frequency of symptoms; factors that precipitate and aggravate those symptoms; amount and side effects of medications; and treatment measures taken by claimant to alleviate those symptoms. *See* SSR 16-3p, available at 2017 WL 518034 (October 25, 2017). In short, it is solely within the ALJ's province to assess the credibility of the claimant's testimony. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

Generalized findings will not satisfy this standard. The reasons an ALJ provides for rejecting a claimant's symptom testimony "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-46). This requires that the ALJ

"identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. at 493 (quoting *Reddick*, 157 F.3d at 722); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (in other words, "the 'clear and convincing' standard requires an ALJ to show h[er] work").

On appeal, the district court's role is to review, not redo, this work. So long as there is substantial evidence for the ALJ's decision – even if there is another interpretation of the evidence – courts will not engage in second-guessing. *Thomas*, 278 F.3d at 959. When the ALJ's rationale for rejecting a claimant's testimony is "clear enough that it has the power to convince," the Court must affirm, whether the Court is personally persuaded by the analysis or not. *Smartt*, 53 F.4th at 499.

B. The ALJ Reasonably Discounted Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ failed to properly evaluate her subjective symptom testimony under SSR 16-3p. Specifically, Plaintiff contends that, had the ALJ properly credited her allegations, the RFC would have included greater limitations related to handling and fingering, following instructions, and mobility – including her asserted need to use a cane and elevate her legs – which she claims would have precluded competitive employment. Pl.'s Brief at 9 (Dkt. 20). These assertions track Plaintiff's hearing testimony, where she described significant pain in her back, legs, feet, and upper extremities, difficulty using her hands, problems with concentration, and limitations in standing, sitting, walking, and performing daily activities. AR 74-85. Defendant responds that the ALJ reasonably discounted Plaintiff's allegations because they were inconsistent with the objective medical evidence, the effectiveness of treatment, Plaintiff's lack of follow-up care, and her reported daily activities. Def.'s Brief at 2-6 (Dkt. 21).

Here, the ALJ acknowledged that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." AR 22. For the reasons that follow, the ALJ's justification in this regard amounts to clear and convincing reasons for questioning Plaintiff's symptom testimony. The ALJ adequately showed her work.

First, the ALJ reasonably concluded that Plaintiff's allegations concerning the severity of her physical and mental limitations were inconsistent with the objective medical evidence. The ALJ discussed the medical record in considerable detail, acknowledging Plaintiff's diagnoses of diabetes mellitus, peripheral neuropathy, COPD, osteoarthritis of the hands, lumbar spondylosis, hearing loss, major depressive disorder, PTSD, and borderline intellectual functioning, while explaining that the objective findings did not support the degree of limitation that Plaintiff alleged. AR 22-24. Although Plaintiff testified that pain prevented prolonged standing, sitting, and walking; that she struggled to use her hands because of her prior wrist injury; that she required a cane and needed to elevate her legs; and that she experienced disabling concentration deficits, the ALJ contrasted those allegations with conflicting or otherwise unremarkable physical and mental status examinations, including: (i) Plaintiff not mentioning the need to recline or elevate her feet at office visits and, likewise, no treatment records supporting the need for such accommodations; (ii) Plaintiff never being prescribed an assistive device, nor treatment records showing her need for one; (iii) Plaintiff's gait repeatedly being described as "not impaired," "normal," or "steady"; (iv) a consultative examination finding that, despite reduced grip strength with the left hand, Plaintiff nonetheless maintains the ability to grasp, shake hands, write, and pick up a coin and cup with both hands, and that repetitive activity did not cause significant, reproducible muscle weakness; and (v) a consultative examination finding that

Plaintiff could understand, retain, and follow instructions. *Id*. (citing AR 442, 448, 548, 615, 691, 735, 784, 794, 838, 879, 995, 900, 999-1000).

Plaintiff does not substantively challenge the ALJ's conclusion that the objective medical evidence contradicted her allegations. She instead argues more generally that reliance on objective evidence is, by itself, insufficient. Pl.'s Brief at 10-11 (Dkt. 20). But the ALJ did not reject Plaintiff's statements solely because they were unsupported; she found them at odds with the medical findings – a permissible and sufficient rationale under governing law. *See Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contraindication with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *but see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in [her] credibility analysis.").

Second, the ALJ reasonably relied upon evidence that certain of Plaintiff's conditions responded to treatment and that the treatment history undermined the degree of limitation Plaintiff alleged. The ALJ observed that Plaintiff's diabetic peripheral neuropathy and vertigo were successfully managed with medication. AR 22. She further noted that there was no follow-up treatment for either her vertigo or supraventricular tachycardia after those conditions were treated. *Id*. An ALJ may properly consider the effectiveness of treatment when evaluating the intensity and persistence of a claimant's symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v) (effectiveness of medical treatment); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006

(9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Similarly, an ALJ may consider an unexplained lack of follow-up treatment when evaluating subjective symptom testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

Plaintiff correctly observes that she did not identify vertigo as a disabling impairment and did not testify that vertigo imposed any work-related limitations. Pl.'s Reply at 2-3 (Dkt. 22). To that extent, the undersigned agrees that successful treatment of vertigo, standing alone, says little about Plaintiff's allegations of disabling back pain, neuropathy, hand limitations, and cognitive difficulties. Even so, the ALJ did not rely exclusively on that aspect of Plaintiff's myriad conditions to discount her symptom testimony. Rather, this consideration constituted one of several independent reasons supporting the ALJ's evaluation. Viewed in that context, the ALJ's reliance on effective treatment and the absence of follow-up care[1] was a permissible consideration under the regulations and Ninth Circuit precedent, even if not the most compelling rationale considered in isolation. *See Carmickle*, 533 F.3d at 1162.

Third, the ALJ reasonably concluded that Plaintiff's reported activities of daily living were inconsistent with the degree of limitation she alleged. The ALJ acknowledged that Plaintiff

---

[1] Plaintiff argues that the ALJ improperly relied on her lack of follow-up treatment because the record reflects that her continuity of care was affected by a lack of insurance coverage. Pl.'s Brief at 12 (Dkt. 20 (citing AR 617). It is true that an ALJ generally may not discount a claimant's symptom testimony based on a failure to seek treatment when the claimant lacks the financial means to obtain that treatment. *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995) ("[D]isability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds."); *see also* SSR 16-3p, 2017 WL 518034 (directing adjudicators to consider possible reasons a claimant did not pursue treatment, including inability to afford it). Plaintiff, however, overstates the record. The sole citation on which she relies states only that she had been "off her medications for a few months given that she lost insurance and ran out of her prescriptions." AR 617. That lone notation does not carry the weight that Plaintiff places on it. It explains a lapse in medication at that time, but does not establish that any lack of insurance altogether prevented her from pursuing *additional treatment* for conditions that the ALJ identified.

experienced functional limitations but nevertheless observed that she reported preparing meals, doing laundry, sweeping, vacuuming, shopping without assistance, driving, helping care for a young child, and completing household chores. AR 23 (citing AR 998). The ALJ also noted that, despite Plaintiff's allegations of disabling memory and concentration deficits, she was able to complete household chores independently, navigate by using maps while driving, and otherwise demonstrated intact memory and concentration during her consultive psychological examination. AR 23-24 (citing AR 991-95). An ALJ may properly consider whether a claimant's daily activities are inconsistent with her allegations of disabling limitations. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Smartt*, 53 F.4th at 499 (a claimant's "daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of totally debilitating impairment.'") (quoting *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012)); *Rollins v. Massanari*,261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff responds that the ALJ impermissibly presented these activities a "simplified version of the evidence." Pl.'s Brief at 14 (Dkt. 20). Plaintiff claims she omitted the qualifications she placed on them – for example, that chores took significantly longer to complete, that she required breaks because of pain, and that she struggled with many of these tasks. *Id*. at 14-15; Pl.'s Reply at 3 (Dkt. 22). The undersigned does not disagree that the record contains such qualifying statements. But the relevant inquiry is not whether Plaintiff could perform these activities without limitation or discomfort. Rather, the question is whether the ALJ reasonably concluded that the activities, viewed alongside the remainder of the record, were inconsistent with Plaintiff's allegations of completely disabling limitations. *See Smartt*, 53 F.4th at 499. Here, the ALJ did not equate Plaintiff's ability to perform household chores or drive with an ability to sustain full-time work. Instead, she reasonably relied on those activities as one factor among several suggesting a greater functional capacity than Plaintiff alleged. That

conclusion is supported by substantial evidence and therefore may not be disturbed merely because the record could support a different interpretation. *See Burch*, 400 F.3d at 679.

Taken together, these reasons amount to clear and convincing explanations as to why the ALJ found Plaintiff's testimony not entirely credible. Crucially, the Court's role is not to decide whether Plaintiff is disabled under the applicable statutes and regulations, or even whether she suffers from chronic, disabling limitations. In assessing Plaintiff's credibility, the ALJ was not focused on whether Plaintiff had limiting disorders, but on whether these impairments prevent her from engaging in any full-time work. It is the reasonableness of *these* findings that the Court must review on appeal. On those points, Plaintiff identifies conflicting evidence in support of her position. Even though this conflicting evidence may not have been given the weight that Plaintiff would have preferred, the ALJ's decision to question her subjective symptom allegations contains clear and convincing reasons for doing so. The Court uses – as it must – that standard. Accordingly, the ALJ will not be second-guessed given the justifications provided. *Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision.").

Plaintiff has not shown that the ALJ erred in evaluating her subjective complaints. Remand is not warranted on this issue.

## III. CONCLUSION

The ALJ, as factfinder, must weigh the evidence, draw inferences from facts, and determine credibility. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ. *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). The ALJ has provided reasonable and rational support for her well-formed conclusions, even if such evidence is susceptible to a different

interpretation. Accordingly, the ALJ's decisions as to Plaintiff's disability claim were based upon proper legal standards and supported by substantial evidence. The Commissioner's decision should be affirmed and Plaintiff's Complaint for Review should be denied.

## IV. <u>RECOMMENDATION</u>

Based on the foregoing, IT IS HEREBY RECOMMENDED that the decision of the Commissioner be AFFIRMED, that Plaintiff's Complaint (Dkt. 1) be DENIED, and this action be DISMISSED in its entirety, with prejudice.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED: August 10, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge