UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DARCY F.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:25-cv-00389-DCN-REP

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

On August 4, 2022, Darcy F. ("Plaintiff") filed for Supplemental Security Income under Title XVI of the Social Security Act. In her application, Plaintiff alleged disability beginning August 4, 2022, due to "cognitive impairment, multiple personality disorder, mild schizophrenia, difficulty concentrating, Type 2 diabetes, lower back pain, arthritis in hands and throughout body, foot pain, left knee pain, [and] acid reflux." Dkt. 20, at 2.

Plaintiff's application was initially denied on July 3, 2023, and again upon reconsideration on October 18, 2023. On August 16, 2024, Plaintiff testified at a virtual hearing before Administrative Law Judge ("ALJ") Virginia Herring.

On August 28, 2024, the ALJ issued a decision finding Plaintiff not disabled. Plaintiff appealed. The Appeals Council denied Plaintiff's request for review, making the

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action in federal court seeking judicial review of the ALJ's decision. Dkt. 1.

On August 10, 2026, Chief United States Magistrate Judge Raymond E. Patricco[2] issued a Report and Recommendation ("Report") recommending that: (1) the decision of the Commissioner be affirmed; and (2) Judgment be entered in favor of the Commissioner. Dkt. 23, at 10. Pursuant to statute, Judge Patricco gave the parties fourteen days to file written objections to the Report. *Id.* (citing 8 U.S.C. § 636(b)(1) and District of Idaho Local Civil Rule 72.1(b)).

Plaintiff filed a short objection to the Report (Dkt. 24) and the Commissioner responded by simply referencing his prior brief (Dkt. 25). The matter is now ripe for the Court's review. For the reasons set forth below, Plaintiff's objections are overruled, Judge Patricco's Report is adopted in full, and the Commissioner's decision is affirmed.

## II. LEGAL STANDARD

In the context of social security appeals, a court's role in reviewing an ALJ's final decision is to ensure that it is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (The final decision "to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error."). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational interpretation, the Court

[2] In accordance with District of Idaho General Order 359 and 28 U.S.C. § 636(b)(1)(B), this matter was referred to Judge Patricco on July 24, 2025. Dkt. 8.

must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where, as here, a party objects to the Report, the Court "shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.*

## III. DISCUSSION

Plaintiff objects to Judge Patricco's Report in two respects. The first objection is substantive. The second objection is more procedural. The Court will discuss each in turn.

### A. Medical Evidence

Plaintiff first contends Judge Patricco erred in finding the ALJ's reliance on medical evidence was a sufficient analysis of her subjective allegations. It is worth noting this same idea was the basis for Plaintiff's federal suit in the first instance—that the AJL improperly discounted her subjective symptom testimony when assessing her residual functional capacity (the maximum amount of work she could do despite her medical limitations).[3]

In short, Plaintiff argued—before the AJL, before Judge Patricco, and now here—that the evidence supported *her* view of how her symptoms impacted her daily life, her limitations, and her ability to work. But the ALJ was not required to accept Plaintiff's view.

The ALJ found Plaintiff had severe impairments. And the ALJ found those impairments caused significant limitations. However, after considering all the evidence,

[3] Plaintiff's repetitive arguments explain why the Commissioner's Response to Plaintiff's Objection to the R&R simply incorporated his prior brief before Judge Patricco. *See generally* Dkt. 25.

the AJL determined the degree of limitation Plaintiff described was undermined by the evidence in the record, including objective medical evidence.

In these situations, it is not uncommon for two reasonable minds to reach different conclusions. But under the substantial evidence standard, the Court must affirm the ALJ's finding if it is supported by substantial evidence in the record, regardless of whether other rational interpretations exist. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).

That is what Judge Patricco did here. Dkt. 23, at 2–9. He reviewed the evidence and determined the ALJ's conclusions were reasonable. *Id.* at 9. The undersigned has likewise reviewed the record de novo and finds the AJL appropriately weighed the evidence, weighed credibility, and came to a reasonable conclusion.

Judge Patricco did not err. This objection is overruled.

**B. Post-hoc Rationalization**

Second, Plaintiff faults Judge Patricco for using what she calls "post-hoc rationalizations" to support the ALJ's decision regarding the limitations of her symptoms because Judge Patricco discussed something the AJL did not discuss. This is an overstatement. To begin, Judge Patricco's comments on this point were relegated to a footnote. Dkt. 23, at 7 n.1. More substantively, however, this was an observation by Judge Patricco that supported the AJL's decision; it was not a stand-alone justification. Judge Patricco analyzed the issue of whether the AJL had considered Plaintiff's treatment options and determined the "ALJ's reliance on effective treatment and the absence of follow-up care was a permissible consideration under the regulations and Ninth Circuit precedent . . . ." Dkt. 23, at 7. That Judge Patricco opined further on the subject *based on*

*an argument Plaintiff* raised was not improper. Judge Patricco was simply explaining—again in a footnote—why Plaintiff's counter argument was unpersuasive.

Judge Patricco did not impermissibly rely on anything not before the ALJ and did not err in his conclusion. This objection is overruled.

## IV. CONCLUSION

Having reviewed the Report and Plaintiff's objections, the Court OVERRULES the objections, adopts Judge Patricco's Report in its entirety, and enters the following order consistent with the same.

## V. ORDER

1. The Report and Recommendation entered on August 10, 2026 (Dkt. 23), is INCORPORATED and ADOPTED in its entirety.
2. The Commissioner's decision is AFFIRMED.
3. Plaintiffs' Petition for Review (Dk. 1) is DENIED and this case is CLOSED.
4. The Court will enter a separate judgment pursuant to Civil Rule of Procedure 58 and 42 U.S.C. § 405(g).

DATED: August 26, 2026

David C. Nye
U.S. District Court Judge